IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DeMARCO POOLE,<br>No. S00804, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 14-cv-01033-SMY |
| MARC HODGES,<br>LINDA K. BOHAN,<br>DUNCAN,<br>SANDY FUNK,<br>JOHN DOE #1,<br>JOHN DOE #2, and<br>DAVID WILSON, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DeMarco Poole, an inmate in Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the alleged failure of prison officials to keep Plaintiff separate and apart from his declared enemies in the Gangster Disciples gang.

By Order dated October 10, 2014, Plaintiff was granted leave to file an amended complaint on or before November 3, 2014 (Doc. 4). No amended complaint has been filed; therefore the original complaint (Doc. 1) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, in March 2013, while in the Sangamon County Jail, Plaintiff was assaulted by a member of the Gangster Disciples gang, resulting in a concussion, contusions and lacerations severe enough to require hospitalization. Six months later, when Plaintiff was transferred to the custody of the Illinois Department of Corrections, Plaintiff informed Counselor David Wilson at the receiving center, Graham Correctional Center, that he had enemies in the Gangster Disciples gang who were at Pinckneyville Correctional Center and Lawrence Correctional Center. Nevertheless, Plaintiff was transferred to Lawrence, where he remains.

Just after arriving at Lawrence, Plaintiff sent Warden Hodge an emergency grievance concerning the threats to his safety, but he received no response. Plaintiff was, however, interviewed by Internal Affairs Officer John Doe #1. Plaintiff disclosed the names of specific

enemies.  Plaintiff also filed a "complaint" with "the three wardens" at Lawrence—presumably including the two wardens named as defendants, Warden Hodges and Assistant Warden Duncan.  Again, Plaintiff received no response.

In February 2014, a Gangster Disciples member called Plaintiff's fiancé and mother, demanding money to keep Plaintiff safe—they alerted the Transfer Coordinator's Office and Internal Affairs at Lawrence.  According to the complaint, named defendant Sandra Funk is the Transfer Coordinator for the Department of Corrections.  Two weeks later, Plaintiff was moved a housing unit where one of his enemies was housed.  Plaintiff sent a request to speak with Internal Affairs and was subsequently interviewed by John Doe #2.  Rather than discuss Plaintiff's security issues, John Doe #2 just wanted to discuss Plaintiff's phone usage.

Plaintiff was also interviewed again by John Doe #1, who informed Plaintiff that one of his declared enemies had stated that he did not have a problem with Plaintiff.  John Doe #1 then went on to comment about Plaintiff always being on the phone, and asking if Plaintiff's fiancé was white.

Later in February 2014, Plaintiff received a note from either an enemy or an associate of his enemy, that there was a "beef" with Plaintiff and that Plaintiff was being mean to his fiancé on the phone.  Plaintiff sent Warden Hodges an emergency grievance on February 21, 2014—there is no indication of any action *or* inaction by Hodges.

In addition to alleging that prison officials have failed to protect him from a strong likelihood of harm, Plaintiff contends that the Department of Corrections has failed to establish procedures for screening for security risks and then transferring them to appropriate institutions, but that failure is not attributed to any named defendant.

Plaintiff contends all named defendants have violated his rights under the Eighth Amendment. He seeks nominal, compensatory and punitive damages from each defendant in their individual capacity. Injunctive relief is also sought from each defendant in their official capacity.

Based on the allegations in the complaint, the Court finds it convenient to construe the *pro se* action as presenting the following overarching count:

**Count 1: All Defendants failed to protect Plaintiff from a serious risk of harm, in violation of the Eighth Amendment.**

### Discussion

"Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Mayoral v. Sheahan,* 245 F.3d 934, 938 (7th Cir. 2001). Eighth Amendment liability will attach if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *see also Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). As the Seventh Circuit has vividly stated, if the prison officials "know that there is a cobra there or at least that there is a high probability of a cobra there, and do nothing, that is deliberate indifference." *Billman v. Ind. Dep't of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). However, "as the vagueness of a threat increases, the likelihood of 'actual knowledge of impending harm' decreases. *See Fisher v. Lovejoy,* 414 F.3d 659, 662 (7th Cir.2005). So, too, does the official's ability to respond. The ultimate measure of the adequacy of the response is therefore reasonableness in light of the surrounding circumstances." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Although the complaint generally alleges a colorable Eighth Amendment claim, the personal involvement of each defendant must also be pleaded for liability to attach to a defendant in their individual capacity. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Lind K. Bohan is named in the caption and also described as being the Assignment Coordinator at Lawrence, responsible for ensuring inmates are housed in a safe environment. However, the narrative portion of the complaint does not mention Bohan by name or title; there is no indication that she was aware of Plaintiff's situation. Furthermore, the *respondeat superior* doctrine—supervisor liability—does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Therefore, no claim has been stated against Bohan and she must be dismissed, albeit without prejudice.

Insofar as Assignment Coordinator Bohan and all other named defendants are sued in their official capacities for purposes of injunctive relief, the warden of the institution is the proper defendant, in his or her official capacity, for ensuring that any injunctive relief is carried out. *See generally Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Therefore, all Defendants, except Warden Marc Hodges, shall be considered sued in their individual capacities only. Warden Hodges is deemed sued in his individual capacity, and in his official capacity for purposes of injunctive relief.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **LINDA K. BOHAN** is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the official capacity claims against all Defendants *except* **MARC HODGES**, are **DISMISSED**; **HODGES** is sued in his individual capacity and in his official capacity for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that **COUNT 1**, Plaintiff's Eighth Amendment "failure to protect" claim, shall otherwise **PROCEED** against Defendants **MARC HODGES**, **DUNCAN**, **SANDY FUNK**, **JOHN DOE #1**, **JOHN DOE #2** and **DAVID WILSON**.

The Clerk of Court shall prepare for Defendants **MARC HODGES**, **DUNCAN**, **SANDY FUNK** and **DAVID WILSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

Service shall not be made upon **JOHN DOE #1** and **JOHN DOE #2** until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 10, 2014**

s/ STACI M. YANDLE
**United States District Judge**