IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DeMARCO POOLE,** )  )  **Plaintiff,** )  )  vs. )  )  **MARC HODGE,** *et al.***,** )  )  **Defendants.** ) | Case No. 3:14-cv-01033-SMY-PMF |

## ORDER

**YANDLE, District Judge,**

Before the Court is plaintiff DeMarco Poole's First Amended Complaint. Poole initially filed suit on September 25, 2014 (Doc. 1). On November 10, 2014, the undersigned Judge screened Poole's original Complaint pursuant to 28 U.S.C. § 1915A. In the screening order, Poole was held to have stated a "failure to protect from risk of harm" Eighth Amendment claim against Defendants Marc Hodges, Stephen Duncan, Sandy Funk, John Doe #1, John Doe #2 and Dan Wilson.

In his original Complaint, Poole stated that prior to his incarceration (while in the Sangamon County jail awaiting trial), he was assaulted by a gang member associated with the Gangster Disciples. Poole then entered the custody of the Illinois Department of Corrections ("IDOC"). Although he was never assaulted by any members of the Gangster Disciples while in IDOC custody, Poole asserts that Defendants violated his Eighth Amendment rights by failing to separate him from enemy gang members while at Lawrence Correctional Center ("Lawrence").

Defendants filed a Motion to Dismiss on February 2, 2015 (Doc. 27). Applying the standard set forth for "failure to protect from risk of harm" claims in *Babcock v. White*, 102 F.3d 267, 271 (7th Cir. 1996), the Motion to Dismiss was granted. However, because Poole's original

Complaint contained two John Doe defendants, Poole was allowed to file an Amended Complaint to correct existing defects.

On December 9, 2015, Poole filed his Amended Complaint (Doc. 57) and it is now ripe for screening pursuant to 28 U.S.C. § 1915A. In his Amended Complaint, Poole maintains his single Eighth Amendment deliberate indifference to serious risk of harm claim. He drops Defendant Wilson in the Amended Complaint but does identify the two John Doe defendants as Lawrence internal affairs officers Molenhour and Houge. The Amended Complaint also adds a new defendant: Lawrence Correctional Center assignment coordinator Bohan.

Poole's Amended Complaint essentially reiterates the facts set forth in the original Complaint. Poole was never assaulted by any member of the Gangster Disciples while in IDOC custody. After filing this lawsuit, Poole was transferred from Lawrence to Pinckneyville Correctional Center. As in the original Complaint, Poole states that his Eighth Amendment rights were violated because the defendants failed to protect him from a *risk* of serious harm.

Poole is no longer incarcerated at Lawrence and therefore, any request for injunctive relief is moot. It now appears that his underlying criminal conviction has been reversed and he is back in the Sangamon County Jail for retrial. See *People v. Poole*, 2015 IL App (4th) 130847, 39 N.E.3d 1086. Poole can therefore only obtain monetary damages if the exposure to risk of harm occurred as a result of the defendants' "malicious or sadistic intent," *Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996). There is nothing in the Amended Complaint to support such a finding. See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level").

Accordingly, Poole's Amended Complaint is **DISMISSED** for failure to state a claim and this case is **DISMISSED** without prejudice.

**SO ORDERED.**

**DATED: <u>February 26, 2016.</u>**

<u>/s Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**